■ JENNIE CONSORTI, Appellant, v PHILIP R. CONSORTI JR., Respondent.—Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Spindel, J.H.O.), entered March 5, 1990 in Orange County, which denied plaintiff's motion for permanent maintenance payments.

Pursuant to the parties' stipulation, entered into in open court and incorporated but not merged in the judgment of divorce, defendant agreed to pay plaintiff maintenance of $200 per week for five years, after which the parties were to renegotiate the amount of maintenance. If the parties could not agree, the stipulation provided that the matter be presented to Supreme Court "and a determination shall then be made by the court as to the amount that should be paid with the freedom of the court to either increase or decrease it

based upon the financial situation of both parties". At the end of the five-year period the parties were unable to agree on maintenance, and plaintiff ultimately applied to Supreme Court for a determination in accordance with the stipulation. Following a hearing, Supreme Court determined that, based upon the parties' financial situation, plaintiff should receive no maintenance now or in the future. Plaintiff appeals.

We reject plaintiff's contention that Supreme Court erred in failing to set forth the factors provided for in Domestic Relations Law § 236 (B) (6). The parties' stipulation constituted an enforceable opting-out agreement under Domestic Relations Law § 236 (B) (3), and the stipulation provided the factors to be considered in determining maintenance at the end of the five-year period. Plaintiff's motion papers requested that Supreme Court determine maintenance on the basis of each party's financial condition, the factors specified in the stipulation. Supreme Court clearly based its decision on the parties' financial conditions, as requested by plaintiff, and we therefore reject her claim that Supreme Court should have considered other factors as well.

We also reject plaintiff's contention that the stipulation required permanent maintenance. On its face, the stipulation requires $200 per week in maintenance for five years and thereafter a new amount of maintenance would be set either through negotiation or, in the absence of the parties' agreement, by Supreme Court. Nothing in the stipulation suggests that the parties intended that maintenance was to be permanent. Supreme Court was given broad discretion to increase or decrease the amount of maintenance based upon the parties' financial situation, and the stipulation makes no mention of a minimum amount of maintenance as a limitation on the court's discretion.

Supreme Court, acting pursuant to the stipulation, examined the financial condition of each party and concluded that plaintiff had elected to partially support four of the parties' adult children, thereby voluntarily reducing her ready assets. Plaintiff was also found to be self-supporting while defendant's ability to pay further maintenance was found to be questionable. These findings, which are supported by the record, provided an adequate basis for Supreme Court's denial of plaintiff's request for maintenance and, therefore, the order should be affirmed.

Weiss, Mikoll and Harvey, JJ., concur.

Crew III, J. (dissenting). I respectfully dissent.

Insofar as pertinent, the stipulation of the parties provided that the "alimony payment shall continue weekly for a period of five years" whereupon "the parties shall mutually either renegotiate, or if unable to do so will present to the Supreme Court * * * their financial status and a determination shall then be made by the court as to the amount that should be paid". The stipulation further provided that "alimony shall cease upon the remarriage" or death of plaintiff. It is the responsibility of the court to interpret the stipulation to determine " 'what is the intention of the parties as derived from the language employed' " *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291, quoting 4 Williston, Contracts § 600, at 280 [3d ed 1961]). In my view a fair reading of the stipulation indicates that the parties intended that maintenance in some amount be established by Supreme Court dependent upon the parties' then-financial condition and that it was an abuse of discretion for Supreme Court to deny plaintiff any maintenance. Furthermore, the stipulation clearly provided that the maintenance established thereunder would terminate upon the occurrence of either of two events, i.e., the remarriage or death of plaintiff. Accordingly, I would reverse Supreme Court's order and remit the case for a determination of maintenance in accordance with the stipulation.

Ordered that the order is affirmed, with costs.